```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
LUIS ANDINO,
                                        Plaintiff,

                -v.-                                              9:06-CV-0509
                                                                  (FJS)(DEP)

MR. HEALEY; MS. E. SIMMONS; D. HADDAD;
DEPUE; STARTUP; SGT. LUCAS; VESLEY;
FARROW; RODRIGUEZ; TRUE; R. WENLIN;
LEGHORN; LT. SIMMONS; SQUIRES; MIRALDI,
                                        Defendants.
--------------------------------------------------------------------------------
```

APPEARANCES:

LUIS ANDINO
Plaintiff, *pro se*

DAVID E. PEEBLES, U.S. MAGISTRATE JUDGE

## DECISION and ORDER

This action was commenced on April 24, 2006, when a submission from *pro se* plaintiff Luis Andino was docketed as a complaint.[1] Dkt. No. 1. Plaintiff also submitted a motion to certify class and a motion for injunctive relief. Dkt. Nos. 2, 3. By Memorandum-Decision and Order of Senior Judge Frederick J. Scullin, Jr., filed October 20, 2006, ("October Order"), plaintiff was advised that the pleading failed to satisfy the basic pleading requirements of the Federal Rules of Civil Procedure. Dkt. No. 8. Specifically, the October Order advised plaintiff that his original complaint did not contain a caption, did not identify defendants, and did not set forth a short and plain statement of his claims.[2] *Id.* at 4. The October Order also denied plaintiff's motions for injunctive

---

[1] Elliot Spitzer and Glenn S. Goord were docketed as defendants in this action.

[2] Plaintiff's original complaint (Dkt. No. 1) was a one-page statement in which plaintiff complained that officials at Wende Correctional Facility failed to provide reasonable accommodations for his disability in violation of the Americans with Disabilities Act ("ADA").

relief and class certification. *Id.* at 6, 7. In light of plaintiff's *pro se* status, plaintiff was afforded the opportunity to submit an amended complaint. *Id.* at 6.

On November 22, 2006, plaintiff submitted an amended complaint in compliance with the October Order. Dkt. No. 9. Plaintiff's amended complaint named numerous defendants and contained claims of retaliation, assault, and denial of due process. *Id.* By Order of Senior Judge Frederick J. Scullin, Jr., filed December 18, 2006 ("December Order"), plaintiff's amended complaint was accepted for filing.[3] Dkt. No. 10. Notice was sent to plaintiff on December 26, 2006, that he must submit fifteen copies of his amended complaint for service to be completed.[4] Dkt. No. 12.

Plaintiff has now submitted a letter claiming that an error has been made "with the plaintiff's first and second part of his complaint." Dkt. No. 13 at 1. By this letter, plaintiff states that he originally sent in a 107-page complaint containing claims under the ADA on March 8, 2006. *Id.* at 2. This document was never received by the Court.[5] Plaintiff states that he thought this was the document which was received by the Court and docketed as the complaint in this action. *Id.* Plaintiff also states he understood the October Order to mean that he should not reference any part of his original complaint in his amended complaint; therefore, he submitted an amended complaint (Dkt. No. 9) that did not mention the events contained in his alleged 107-page original complaint.

---

Plaintiff stated that he is totally blind. Dkt. No. 1.

[3] Elliot Spitzer and Glenn S. Goord were not named in plaintiff's amended complaint and were dismissed as defendants in this action.

[4] Plaintiff has submitted fifteen copies of his amended complaint.

[5] The submission filed as plaintiff's original complaint was dated April 8, 2006. Dkt. No. 1.

*Id.* at 3. Plaintiff appears to be under the impression that this 107-page complaint was received by the Court and requests the Court to clarify what happened to that document.

The Court never received the 107-page document plaintiff states he submitted in March of 2006.[6] The Court now understands that this 107-page document was intended by plaintiff to be his original complaint in this action. The intended original complaint sets forth claims which precede those claims contained in plaintiff's amended complaint.[7]

In light of plaintiff's *pro se* status and his disability, the Court will allow plaintiff the opportunity to file an amended complaint **within sixty (60) days**, setting forth **all** facts and **all** defendants plaintiff wishes to proceed against in this action. This amended complaint **must not exceed forty (40) pages in length**.[8] The amended complaint must be a complete pleading setting forth all information and defendants he wishes to include in this action. Plaintiff is reminded that an amended complaint replaces in its entirety any previous complaint filed. Plaintiff's amended complaint must contain **all of the information** plaintiff wishes the Court to consider, **including all**

---

[6] Plaintiff has now submitted the first 88 pages of this 107-page pleading. Dkt. No. 13-2. Plaintiff states that the remaining pages contained claims made by inmate Joel Anderson, presently incarcerated at Eastern Correctional Facility, who sought to proceed as co-plaintiff in this pleading. Joel Anderson has not filed a civil rights action in this District. The Clerk is directed to send a copy of this Order to Anderson to alert him that he does not currently have a civil rights action pending in this District.

[7] Plaintiff's intended original complaint names seventeen defendants and contains allegations of wrongdoing dating from May 2005 to December 2005. Dkt. No. 13-2. Plaintiff alleges that the defendants violated the ADA by denying his reasonable accommodations requests, interfered with grievance procedures, discriminated against him based on his disability, retaliated against him for filing grievances, assaulted him, and violated his due process at a disciplinary hearing. *Id.* Plaintiff's amended complaint names fifteen defendants and sets forth allegations of wrongdoing dating from January 2006 to April 2006. Dkt. No. 9.

[8] Plaintiff is advised that he need **not** set forth every interaction and/or conversation he has had with the defendants, nor every fact he hopes to prove should this matter proceed to trial.

**factual allegations that give rise to his causes of action and all defendants he wishes to name in the action.**[9] The amended complaint must bear the case number assigned to this action, must be identified as an amended complaint, and **must contain a caption that clearly identifies, by name, each individual and/or entity that plaintiff is suing in the present lawsuit.  Plaintiff is further advised that for each individual and/or entity that he names as a defendant in the caption, he must also include allegations of wrongdoing against that individual and/or entity in the body of the second amended complaint.**

WHEREFORE, it is hereby

ORDERED, that plaintiff may file with the Court **within sixty (60) days** from the date of the filing of this Order, a second amended complaint, and it is further

ORDERED, that upon submission of an amended complaint by plaintiff as noted above, and in all events no later than **April 30, 2007**, the file in this matter be returned to the Court for further review, and it is further

ORDERED, that the Clerk serve a copy of this Order on inmate Joel Anderson, and it is further

---

[9] The Court has also directed the Clerk to return a copy of plaintiff's intended original complaint (Dkt. No. 13-2) to plaintiff to aid in the composition of his amended complaint.

ORDERED, that the Clerk serve a copy of this Order, along with a copy of plaintiff's intended original complaint (Dkt. No. 13-2), on plaintiff by regular mail.

IT IS SO ORDERED.

_____
David E. Peebles
U.S. Magistrate Judge

**Dated:**      **March 5, 2007**