UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUIS ANDINO,

                                        Plaintiff,

                                  v.                                          9:06-CV-509
                                                                                 (FJS/DEP)

ELLIOT SPITZER, New York State Attorney
General; GLENN S. GOORD, Commissioner of
NYS Department of Corrections; MR. HEALEY;
MS. E. SIMMONS; D. HADDAD; DEPUE, C.O.;
STARTUP, Sgt.; SGT. LUCAS; VESLEY, Nurse;
FARROW, C.O.; RODRIGUEZ, C.O.; TRUE, C.O.;
R. WENLIN; LEGHORN, Capt.; LT. SIMMONS;
SQUIRES, Sgt.; MIRALDI, Sgt.; DEPARTMENT
OF CORRECTIONAL SERVICES; EASTERN
CORRECTIONAL FACILITY; ROBERT
RAYMOND, ADA Coordinator; T. EGAN,
Director of CORC; WILLIAM D. BROWN,
Superintendent; SHERYL BUTLER, Deputy
Superintendent of Programs; LEONARDO
CECILIA, Assistant Deputy Superintendent of
Programs; COLEMAN, Captain; BRITTON, Sgt.;
LIGHTFIELD, Sgt; PILAR MCDERMOTT;
JANE DOE, Educational Supervisor; JOHN
COSH, Vocational Supervisor; MS. TAMASO,
Instructor of the Blind; JANE DOE, Nurse; MR.
DUKTA; MR. ZANGLER; O. LAPLANT, Sign
Language Instructor; and STACEY AVERY,
Ulster Correctional Facility Parole Officer,

                                        Defendants.
_____

APPEARANCES                                    OF COUNSEL

LUIS ANDINO
05-B-1233
Wyoming Correctional Facility
P.O. Box 501
Attica, New York 14011
Plaintiff *pro se*

| | |
|---|---|
| **OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants | ADELE M. TAYLOR-SCOTT, AAG |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

The Clerk of the Court has sent Plaintiff's motion for preliminary injunctive relief to the Court for its review.

In his *pro se* complaint, Plaintiff contends that Defendants violated his constitutional and statutory rights by failing to provide him with reasonable accommodation for his visual impairment.[1] In his amended complaint, he asserts claims arising out of his confinement at Eastern Correctional Facility. *See* Dkt. No. 46 at 2. In addition to claims specifically arising at Eastern Correctional Facility, Plaintiff contends that "DOCS, in general, has a systematic problem with providing accommodations to disabled inmates." *See id.*[2] Several of the thirty-two individuals whom Plaintiff names as Defendants are DOCS officials assigned to the Department's central administrative offices.

---

[1] Plaintiff is totally blind. *See* Dkt. No. 46 at 2.

[2] In July 2006, Plaintiff commenced an action in the United States District Court for the Western District of New York in which he claimed that he was denied reasonable accommodation for his visual impairment during his confinement at Wende Correctional Facility. *See Andino v. Goord*, 1:06-CV-455-RJA-HBS (W.D.N.Y.). That action remains pending.

## II. DISCUSSION

**A.   Preliminary injunction standard**

A preliminary injunction "is an extraordinary remedy and should not be routinely granted." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (citation omitted). In most case, the party seeking the injunction must show "that [he] will suffer irreparable harm in the absence of an injunction and demonstrate either (1) 'a likelihood of success on the merits' or (2) 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly'" in favor of the moving party. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (quotation and other citation omitted). Where, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief he seeks, the injunction sought is properly characterized as mandatory rather than prohibitory and the movant must make a "clear" or "substantial" showing of the likelihood of success as well as irreparable harm if the court does not grant the injunctive relief. *See id.* (quotation omitted). The Court concludes that Plaintiff's motion seeks mandatory, rather than prohibitory, relief; therefore, Plaintiff must make a clear or substantial showing of the likelihood of success.

**B.   Mootness**

As of the date that Plaintiff filed his motion for injunctive relief, he was confined at Woodbourne Correctional Facility, which is located in Sullivan County, in the Southern District of New York. Plaintiff alleges in his motion papers that he is being denied access to his inmate

program aide,[3] as well as to sensorial equipment necessary to permit him to access the courts independently.  *See* Dkt. No. 88 at 1-2.  Plaintiff seeks an order of this Court directing that "the defendants in DOCS, immediately rectify the violations I am subjected to while at W.C.F. . . . to prevent me from prevailing in the courts."  *See id.* at 4-5.

By letter dated March 6, 2008, Plaintiff advised the Clerk of the Court that he had been transferred to Wyoming Correctional Facility, *see* Dkt. No. 94, which is located in Wyoming County, in the Western District of New York.

Defendants oppose Plaintiff's motion for injunctive relief.  *See* Dkt. No. 89.  Noting Plaintiff's recent transfer, Defendants urge the Court to deny his motion as moot.  *See id.* at 1.  Defendants also urge the Court to deny Plaintiff's motion on the ground that he has not demonstrated either irreparable injury or a likelihood of success on the merits.  *See id.* at 1-2.  As to Plaintiff's current confinement at Wyoming Correctional Facility, Defendants' counsel states that, "[u]pon information and belief, based upon my conversations with DOCS counsel's office, plaintiff's transfer to Wyoming was made, in part, to further accommodate his need for visually impaired assistance and personnel."  *See* Dkt. No. 89-2 at ¶ 4.

Plaintiff filed a reply, in which he claims that his transfers are retaliatory in nature and intended by the DOCS Defendants to avoid their obligation to provide reasonable accommodation for Plaintiff's visual impairment.  *See* Dkt. No. 93.  Plaintiff asks the Court to address the issues that he raised in his motion papers because "he is suffering the same conditions

---

[3] Plaintiff states that his program aide at Woodbourne Correctional Facility, inmate Diallo Madison (DIN # 94-A-7376), has been repeatedly placed on keeplock status in order to prevent him from providing necessary assistance to Plaintiff.  *See* Dkt. No. 88 at 2.  According to the DOCS Inmate Locator, Mr. Madison is currently confined at Mid-State Correctional Facility.

and injuries." *See id.* at 4. With respect to his claims arising at Woodbourne Correctional Facility, Plaintiff states that, since arriving at Woodbourne Correctional Facility, he has not received the legal mail that he received from the Northern District and the Southern District on the eve of his transfer. *See id.* at 2. Plaintiff also claims that, while at Wyoming Correctional Facility, he has not received the assistance and services he considers necessary to accommodate his needs. Plaintiff has submitted copies of the grievances he submitted at Wyoming Correctional Facility and affidavits from inmates assigned to escort him at that facility. *See id.* at 10-30.

Plaintiff's transfer has mooted his claims for preliminary injunctive relief directed to the specific harms that he claims to have suffered at Woodbourne Correctional Facility. However, because several DOCS officials are Defendants in this action and because Plaintiff claims that the failure to provide reasonable accommodations is "systemic," the Court will address the merits of Plaintiff's motion insofar as the alleged failure to provide him with reasonable accommodation for his visual impairment relates to Plaintiff's ability to pursue his claims in this action effectively.

**C.    Irreparable injury**

"The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Brown v. Middaugh*, No. 96-CV-1097, 1998 WL 566791, *1 (N.D.N.Y. Sept. 3, 1998) (quotation and other citations omitted). Speculative, remote or future injury is not the province of injunctive relief. *See Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). "Irreparable harm must be shown to be imminent, not remote or speculative, and the

injury must be such that it cannot be fully remedied by monetary damages." *Encore Credit Corp. v. LaMattina*, No. CV-05-5442, 2006 WL 148909, *5 (E.D.N.Y. Jan. 18, 2006) (citation omitted).

After reviewing Plaintiff's submissions, the Court finds that Plaintiff has failed to demonstrate that he is likely to suffer harm which is irreparable and which money damages cannot fully remedy. The specific harms that Plaintiff cites are an alleged inability to file a motion for appointment of counsel and a motion for discovery. *See* Dkt. No. 88 at 3-4. According to the docket in this action, however, Plaintiff filed a motion seeking appointment of counsel on February 22, 2008. *See* Dkt. No. 86.[4] With regard to discovery, the Pretrial Scheduling Order filed December 5, 2007, set June 30, 2008, as the discovery completion deadline and July 30, 2008, as the deadline for filing motions to compel. *See* Dkt. No. 71 at 2. As stated therein, the Court can and will extend these deadlines upon a showing of good cause. *See id.* at 3.

Based on the foregoing, the Court finds that the harms that Plaintiff cites are merely speculative. Since Plaintiff has demonstrated a continued ability to communicate effectively with the Court since his arrival at Wyoming Correctional Facility, it does not appear that Plaintiff will suffer irreparable injury if he is without the specific accommodations he seeks. Accordingly, the Court finds that Plaintiff's allegations are insufficient to warrant the extraordinary remedy of preliminary injunctive relief.

---

[4] Plaintiff supports his motion for appointment of counsel with an eight-page memorandum of law that sets forth his supporting arguments in a cogent and legally supported manner. *See* Dkt. No. 86.

**D.    Likelihood of success on the merits**

Since Plaintiff is seeking a mandatory injunction, he must make a clear or substantial showing of the likelihood that he will succeed on the merits of his claims.

On the present record, the Court finds that Plaintiff has not made the required showing. Even assuming, *arguendo*, that Plaintiff's claims regarding the unavailability and/or inadequacy of the sensorial equipment at Woodbourne Correctional Facility and Wyoming Correctional Facility are probative of his underlying claims in this action, which arose at Eastern Correctional Facility, he has not pointed to a single instance in which he was actually prevented from prosecuting any of the various legal matters in which he is involved.

In sum, there is no basis in the present record upon which the Court could reasonably find that Plaintiff has made a clear or substantial showing of a likelihood of success on the merits of his claims or that sufficiently serious questions exist going to the merits of those claims to make them a fair ground for litigation and that the balance of hardships tips decidedly in his favor.

### III. CONCLUSION

Accordingly, having reviewed the entire file in this case, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for preliminary injunctive relief is **DENIED**; and the Court further

**ORDERS** that the Clerk fo the Court shall serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Dated: April 18, 2008
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge