IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

LUIS ANDINO,

                        Plaintiff,

                                     Civ. Action No.
      vs.                             9:06-CV-509 (FJS/DEP)

ELLIOT SPITZER, *et al.*,

                        Defendants.

_____

APPEARANCES:                     OF COUNSEL:

FOR PLAINTIFF:

**[last known address**]
LUIS ANDINO
*Plaintiff, pro se*
60944
Erie County Correctional Facility
11581 Walden Avenue
Alden, New York 14004

REPORT AND RECOMMENDATION

      Plaintiff, Luis Andino, a former New York state prison inmate who

was released from custody on April 3, 2009, and whose whereabouts are

not currently known to the court, commenced this civil rights action

pursuant to 42 U.S.C. § 1983 claiming that defendants retaliated against

him for filing grievances, assaulted him on several occasions, and denied

him due process in the course of several prison disciplinary proceedings.

Currently pending before the court is defendants' motion for summary judgment dismissing plaintiff's claims as a matter of law. Plaintiff has not responded to that motion, and additionally has failed to comply with this court's requirement that he notify the court and counsel of his apparent change of address.  In light of this failure, I recommend that plaintiff's complaint be dismissed, without addressing the merits of defendants' unopposed motion.

I.      BACKGROUND

This civil rights action was commenced by the plaintiff on April 24, 2006, nearly three years ago.  *See* Dkt. No. 1.  Upon review of plaintiff's complaint and accompanying motion for leave to proceed *in forma pauperis*, Senior District Judge Frederick J. Scullin, Jr. issued an order dated October 20, 2006, granting plaintiff *in forma pauperis* status and directing that an amended complaint be filed with the court within thirty days from the date of filing of this order.  *See* Dkt. No. 8.  Plaintiff submitted an amended complaint in compliance with that order, and on December 18, 2006 Senior District Judge Scullin authorized its filing and directed that service be effectuated.  *See* Dkt. Nos. 9 and 10.   Plaintiff subsequently wrote to the court, requesting that his amended complaint, *see* Dkt. No. 9, and intended original complaint, *see* Dkt. No. 13-2, be

2

construed as a single pleading.  *See* Dkt. No. 36.  On April 30, 2007, I

issued an order denying that request and directed plaintiff to file a second

amended complaint within sixty days from the date of filing of this order.

*See* Dkt. No. 38.  A second amended complaint was thereafter filed by the

plaintiff on July 10, 2007, *see* Dkt. No. 46, and an order was issued on

July 23, 2007 accepting and directing service of the second amended

complaint.  *See* Dkt. No. 47.

Following joinder of issue and issuance of a routine, pretrial

scheduling order on December 5, 2007, *see* Dkt. No. 71, defendants

moved on January 30, 2009 for summary judgment dismissing plaintiff's

complaint.  *See* Dkt. No. 124.  Despite the fact that the time for

responding to defendants' motion has passed, plaintiff has submitted no

papers in opposition to that motion.

On March 25, 2009, a notice was sent to plaintiff, advising him that

the court has reset the deadline for submission of his response to the

motion for summary judgment to April 30, 2009. *See* docket annotation

entered on March 25, 2009.  That notice, which was mailed to the address

listed in the court's records, was returned to the court on April 6, 2009 as

undeliverable - "return to sender, no longer at this address."  *See* Dkt. No.

134.  On that same day, the clerk resent that notice to plaintiff's last

known residence located in Alden, New York; that notice, however, was also returned to the court as undeliverable -"return to sender, not deliverable as addressed, unable to forward."  *See* Dkt. No. 135.

On April 20, 2009, the clerk's office filed an order issued by me in the action; that order was thereafter sent to plaintiff by regular mail.  Once again the order, which was mailed to plaintiff's last known residence, was returned to the court on April 27, 2009 as undeliverable, with the handwritten notation "gone" on the envelope, apparently placed there by a staff member at Erie County Correctional Facility.  *See* Dkt. No. 137.

According to information received by the court from officials at the Erie County Correctional Facility, plaintiff was released from custody on April 3, 2009.  Despite this change in circumstances, plaintiff has failed to provide the court a current address where he can be reached for purposes of communications from the court.

II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court.  *Link v. Wabash R.R. County Independent Sch. Dist.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  This power to dismiss may be exercised when

4

necessary to achieve orderly and expeditious disposition of cases. *See*
*Freeman v. Lundrigan*, No. 96-CV-1190, 1996 WL 481534, at *1
(N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-
Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (citations
omitted)).

Under this court's rules, an unrepresented litigant is under a duty to
inform the court of any address changes. As then-District Judge Pooler
has noted,

> [i]t is neither feasible nor legally required that the clerks of the
> district courts undertake independently to maintain current
> addresses on all parties to pending actions. It is incumbent
> upon litigants to inform the clerk of address changes, for it is
> manifest that communications between the clerk and the
> parties or their counsel will be conducted principally by mail.
> In addition to keeping the clerk informed of any change of
> address, parties are obliged to make timely status inquiries.
> Address changes normally would be reflected by those
> inquiries if made in writing.

*Dansby v. Albany County Corr. Facility*, No. 95-CV-1525, 1996 WL
172699, at *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip
op. at 4 (5th Cir. May 19, 1985) (en banc)); *see generally* N.D.N.Y.L.R.
41.2(b). Plaintiff was specifically reminded of this obligation by order of
Senior District Judge Frederick J. Scullin, Jr. dated December 18, 2006,
advising that he was required to promptly notify the clerk's office of any

5

change in his address, and that his failure to keep such office apprised of

his current address would result in dismissal of the instant action.  *See*

Dkt. No. 10 at pages 3-4.

The determination of whether to dismiss an action pursuant to Rule

41(b) of the Federal Rules of Civil Procedure is informed by five factors,

including:

> (1) the duration of the plaintiff's failure to comply with
> the court order, (2) whether plaintiff was on notice that
> failure to comply would result in dismissal, (3) whether
> the defendants are likely to be prejudiced by further
> delay in the proceedings, (4) a balancing of the
> court's interest in managing its docket with the
> plaintiff's interest in receiving a fair chance to be
> heard, and (5) whether the judge has adequately
> considered a sanction less drastic than dismissal.

*See Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure

to prosecute action) (citation and internal quotation marks omitted); *Lucas

v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of

court) (citations omitted).  I have carefully weighed the five factors

considered by the Second Circuit when reviewing a district court's order to

dismiss an action for failure to prosecute, and/or for failure to comply with

an order of the district court under Rule 41(b), and I find that they weigh

decidedly in favor of dismissal.  This case has been pending for over three

years, and it is quite likely that memories of the events in question have

6

faded, relevant documents have been discarded, and witnesses have been transferred to other correctional facilities. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case [six years], that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). Moreover, I find that the need to alleviate congestion on the court's docket outweighs plaintiff's right to receive a further chance to be heard in this matter. Finally, I have considered less-drastic sanctions and rejected them. For example, I am persuaded that issuing an order reprimanding plaintiff for his conduct would be futile, given that such an order would, in all likelihood, never reach plaintiff due to his failure to provide a current address.

III.   SUMMARY AND RECOMMENDATION

Due to plaintiff's release from prison, coupled with his failure to apprise the court of that fact and to provide an address where he can be reached for purposes of communications, his current whereabouts are unknown to the court. This case obviously cannot proceed without notice to the court and defendants' counsel of a valid and current address for use in contacting the plaintiff. Based upon his failure to provide such an

7

address, it is hereby respectfully

RECOMMENDED, that this action be DISMISSED based upon plaintiff's failure to prosecute and to comply with this court's orders and local rules of practice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(b) of the Local Rules of Practice for this court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It if further ORDERED that the Clerk serve a copy of this report and recommendation on the plaintiff at his last known address by regular mail, and upon defendants' counsel by electronic means.

Dated: May 5, 2009
     Syracuse, New York

David E. Peebles
U.S. Magistrate Judge